UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------------x

SPACE SHIPPING LTD.,

                        v.

ST SHIPPING & TRANSPORT PTE LTD.,
ST SHIPPING AND TRANSPORT INC., and
GLENCORE INTERNATIONAL AG

CIVIL ACTION
NO. 2:17-10570
SECTIONL(3)
JUDGE ELDON E. FALLON

MAGISTRATE
JUDGE DANIEL E. KNOWLES, III

-------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF**
**MOTION TO VACATE MARITIME ATTACHMENT**

**MAY IT PLEASE THE COURT:**

    South Maritime Pte Ltd. ("South Maritime") and ST Shipping & Transport Pte Ltd. ("ST Shipping PTE"), by their undersigned counsel, make this restricted appearance under Supplemental Rule E(8)[1], with the full reservation of all rights and defenses, to: (i) vacate the wrongful attachment of South Maritime's property, the M/T ALPINE ETERNITY (the "Vessel") and certain property aboard the Vessel pursuant to the *Writ of Foreign Attachment* [ECF No. 8]; and (ii) release from the attachment certain bunker fuels aboard the Vessel upon the posting of security in an acceptable amount and form in accordance with Supplemental Rule E(5)(a). Claimants respectfully submit this memorandum of law in support of their motion.

---

[1] References to this and other "Supplemental Rules" are to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Plaintiff Space Shipping Ltd. ("Space Shipping") filed a Verified Complaint (the "Complaint" or "Compl.") [ECF No. 4] in this district, seeking to attach the Vessel and other property owned by South Maritime, an entity that is not a defendant in this action and has no involvement in Space Shipping's dispute with the Defendants.  On October 12, 2017, the Clerk of the United States District Court for the Eastern District of Louisiana issued a *Writ of Foreign Attachment* [ECF No. 8], which was served upon the master of the Vessel on October 13, 2017.

The only property aboard the Vessel owned by any Defendant is bunker fuel (the "Bunkers") owned by ST Shipping PTE, worth $453,169.82.  For the reasons set forth below, the Court should vacate the writ of attachment as to the Vessel and all property aboard the Vessel except for the Bunkers, and release the Bunkers from the attachment upon ST Shipping PTE posting security in an acceptable form in the amount of $453,169.82, plus interest in accordance with Supplemental Rule E(5)(a).

**STATEMENT OF FACTS**

The Vessel is owned by and the property of South Maritime.  (Compl. ¶ 80; Goodfellow Aff. ¶ 5.)[2]  The Vessel is not owned by or the property of any of the three Defendants, ST Shipping PTE, ST Shipping & Transport Inc. ("ST Shipping Inc."), or Glencore International A.G. ("Glencore International").  (Goodfellow Aff. ¶ 6.)  The Complaint concedes that the Vessel is owned by South Maritime.  (Compl. ¶ 80.)

Nevertheless, Space Shipping has restrained the Vessel based on the conclusory allegation that "Defendant ST Shipping Pte is an ultimate beneficial owner" of the Vessel. (Compl. ¶ 80.)  There are only two facts pleaded in the Complaint that *even mention* South

---

[2] "Goodfellow Aff." refers to the Affidavit of Peter Robert Goodfellow, submitted in support of this motion.

Maritime, neither of which remotely supports this assertion:  South Maritime is "a joint venture in which Defendant ST Shipping Pte holds a fifty percent equity stake" (Compl. ¶ 80); and South Maritime allegedly shares an office address with the Defendants (Compl. ¶ 81.)[3]

The remaining purported basis for restraining the Vessel is the allegation, "[u]pon information and belief," that the Defendants have property aboard the Vessel.  (Compl. ¶¶83-85.)  The only property of any Defendant aboard the Vessel is the Bunkers purchased and owned by ST Shipping PTE as the time charterer of the Vessel.  (Goodfellow Aff. ¶¶ 11-12, 14.)  The Bunkers are worth $453,169.82.  (Goodfellow Aff. ¶ 13.)  ST Shipping PTE is willing to post security in an acceptable form for the value of this property pursuant to Supplemental Rule E(5)(a).

The Vessel is at anchorage in Davant, Louisiana, in the Mississippi River, and scheduled to berth and begin loading cargo on October 19, 2017, with a scheduled departure date of October 21, 2017.  The cargo is not the property of any of the Defendants.  (Goodfellow Aff. ¶¶ 8-9.)

## ARGUMENT

Supplemental Rule B(1)(a) makes clear that the attachment must be of defendant's property.  It provides in part:

> [A] verified complaint may contain a prayer for process to attach *the defendant's* tangible or intangible personal property – up to the amount sued for . . . .

(Emphasis added).

Once a vessel has been attached, Supplemental Rule E(4)(f) provides that any person claiming an interest is entitled to a prompt hearing, "at which the plaintiff shall be required to

---

[3] South Maritime or ST Shipping PTE does not admit the truth of any facts alleged in the Complaint, although for the reasons described herein, the pleaded facts are also insufficient to justify the attachment.

show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."

"To avoid vacatur of attachment, it is the plaintiff's burden to show that '1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) *the defendant's property* may be found within the district*;* and 4) there is no statutory or maritime law bar to the attachment." Austral Asia Pte. Ltd. v. SE Shipping Lines Pte. Ltd., No. CIV.A. 12-1600, 2012 WL 2567149, at *2 (E.D. La. July 2, 2012) (citations omitted) (emphasis added). Because the Vessel and property aboard the Vessel other than the Bunkers is not the Defendants' property, the attachment should be vacated as to those assets immediately. Further, this Court should order the Bunkers be released from the attachment and any remaining restraints on the Vessel may be dissolved, upon the posting of security in an acceptable form for their fair value plus interest in accordance with Supplemental Rule E(5)(a).

**I.      The Attachment as to the Vessel and Other Property of South Maritime Should Be Vacated**

Space Shipping admits that the Vessel is owned by South Maritime. (Compl. ¶ 80; Goodfellow Aff. ¶ 5.) Space Shipping's sole purported basis for an attachment over the Vessel -- other than as to property of a Defendant that may be aboard the Vessel -- is its conclusory assertion that Defendant ST Shipping PTE is the "ultimate beneficial owner" of the Vessel. (Compl. ¶ 79.) Yet the only relevant pleaded fact demonstrates the opposite: ST Shipping PTE owns a fifty percent equity interest in *South Maritime*, not the Vessel itself. (Compl. ¶ 80.)

"A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." Dole Food Co. v. Patrickson, 538 U.S. 468, 474 (2003) (citations omitted). Therefore, a "corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary." Id; see also United States v. Jon T-

- 4 -

Chemicals, Inc., 768 F.2d 686, 691 (5th Cir. 1993) (noting that cases in the Fifth Circuit make "clear that one-hundred percent ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory to pierce the corporate veil"). Accordingly, an alleged creditor of a parent company may not enforce that debt against the assets of the subsidiary, and the assets of the subsidiary may not be restrained to secure that debt, unless the creditor can establish a basis to pierce the corporate veil.  See, e.g., Austral Asia Pte. Ltd., 2012 WL 2567149, at *2 (vacating writ of attachment over subsidiary's ship where there was insufficient basis to pierce the corporate veil); Vitol, S.A. v. Primerose Shipping Company, 708 F.3d 527, 543-44 (4th Cir. 2013) (vacating attachment against affiliates assets where there was no basis to pierce the corporate veil); Kite Shipping LLC v. San Juan Nav. Corp., No. 11CV02694 BTM WVG, 2012 WL 6720624, at *3-6 (S.D. Cal. Dec. 26, 2012) (vacating attachment of assets owned by corporate affiliate).

To pierce the corporate veil between these separate companies and allow an attachment over the Vessel, Space Shipping was required to plead specific facts demonstrating that the corporate form of ST Shipping PTE or South Maritime was somehow abused to perpetrate a fraud or injustice against Space Shipping.  See Shadix-Marasco v. Austin Reg'l Clinic P.A., No. A09-CA-891 LY, 2010 WL 2232804, at *6 (W.D. Tex. June 1, 2010) ("[b]ecause fraud is an element of the alter ego doctrine, a plaintiff pleading alter ego must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which the Fifth Circuit interprets 'strictly'") (citing Bridas S.A.P.I. C. v. Government of Turkmenistan, 447 F.3d 411, 416 (5th Cir. 2006)).

The bare allegation that ST Shipping PTE is the "ultimate beneficial owner" of the Vessel comes nowhere close to meeting this standard.  See, e.g., Austral Asia Pte. Ltd., 2012 WL

2567149, at *2 (vacating writ premised on conclusory allegation that defendant was the "true beneficial owner" of the property); Dry Handy Investments, Ltd. v. Corvina Shipping Co. S.A., 988 F. Supp. 2d 579, 583 (E.D. Va. 2013) (quashing writ of attachment over a vessel because the allegation that the vessel was "legally, equitably and beneficially owned" by alleged alter-ego was insufficient.)

The only other factual allegation concerning South Maritime or its relationship to ST Shipping PTE is that the two companies share an office location. (Compl. ¶ 81.) That fact is also insufficient. Vitol, S.A., 708 F.3d at 546 ("shared office space on its own is insufficient to compel a conclusion that [parent entity's and individuals] dominated and controlled [the shipowner].")

In sum, Space Shipping does not and cannot allege facts that demonstrate South Maritime participated in some fraud or other misconduct involving abuse of the corporate form, or that South Maritime even has a connection to this dispute. See, e.g., Austral Asia Pte. Ltd., 2012 WL 2567149, at *2 (vacating writ of attachment where plaintiff did "not allege[] that fraud or other misconduct chargeable to [the ship owner]"); Olendorff Carriers GMBH & Co., KG v. Grand China Shipping (Hong Kong) Co., No. 2:12-CV-00074, 2013 WL 3937450, at *5 (S.D. Tex. July 30, 2013) (vacating attachment because "to pierce the corporate veil, there must be some evidence of an abuse of the corporate form to commit a fraud or injustice") (citing Bridas, 447 F.3d at 416).

The attachment as to the Vessel or any other property of South Maritime aboard the Vessel should therefore be vacated.

**II.    The Only Property of Any Defendant Aboard the Vessel Is the Bunkers**

The only property of any Defendant aboard the Vessel is the Bunkers. (Goodfellow Aff. ¶ 11.) As stated above, the cargo that is scheduled to be loaded aboard the Vessel beginning on

October 19, 2017, is not owned by any Defendant, and all of the equipment, stores, and supplies on the Vessel are owned by South Maritime.  (Goodfellow Aff. ¶¶ 5, 14.)   Accordingly, the only assets over which Space Shipping can even arguably obtain an attachment are the Bunkers, which are addressed below.  To the extent the attachment purports to restrain other property aboard the Vessel, it should be vacated.

**III.      This Court Should Release the Attachment as to the
Bunkers Upon the Posting of Security in an Acceptable Form**

This Court should also dissolve the attachment with respect to the last category of property subject to the attachment, the Bunkers, upon ST Shipping PTE posting security in an acceptable form and in the value of the Bunkers in accordance with Supplemental Rule E(5)(a).

ST Shipping PTE has been in discussions with Space Shipping concerning the provision of security regarding Space Shipping's claims.  However, because the Vessel is scheduled to depart this Saturday, October 21, 2017 (Goodfellow Aff. ¶ 8), South Maritime and ST Shipping PTE were required to file this motion today and, in the event that agreement cannot be reached, ask the Court to set the appropriate form and amount of security to ensure the timely release of the Vessel and the property aboard the Vessel.  Supplemental Rule E(5)(a) authorizes the Court to release property subject to a maritime attachment upon the posting of a special bond in an amount fixed by the Court, not to exceed "the value of the property on due appraisement." Fed. R. Civ. P. E(5)(a).

As set forth in the Goodfellow Affidavit, the Vessel arrived at Davant Anchorage with a certain quantity of Bunkers, and on October 13, 2017, purchased additional Bunkers from John W. Stone Oil Distributor, L.L.C.  (Goodfellow Aff. ¶ 12.)  Based upon the most recent available market prices – *i.e.*, the prices at which the Bunkers were purchased on October 13, 2017 – the total value of the Bunkers currently aboard the Vessel is $453,169.82.  (Goodfellow Aff. ¶ 13.)

This Court should therefore rule that, upon the posting by ST Shipping PTE of security in an acceptable form in the amount of $453,169.82 plus interest as required by Supplemental Rule E(5)(a), the remainder of the attachment and any restraints on the Vessel should be released.

## **CONCLUSION**

For the reasons set forth herein, this Court should issue an order substantially in the form submitted herewith, as follows:

(i) vacating the writ of attachment as to the Vessel and all property aboard the Vessel except for the Bunkers immediately;

(ii) ordering that, upon the posting by ST Shipping PTE of security in an acceptable form in the amount of $453,169.82, the Bunkers are released from the attachment; and

(iii) ordering such other relief as this Court may deem just and proper.

Dated: New Orleans, Louisiana
October 16, 2017

**ADAM AND REESE LLP**

*/s/ L. Cole Callihan*
Francis V. Liantonio, Jr. (#19282)
L. Cole Callihan (#33756)
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Tel:  (504) 581-3234
Fax:  (504) 584-9503
Email:  frank.liantonio@arlaw.com
          cole.calihan@arlaw.com

*Attorneys for South Maritime Pte Ltd.
and ST Shipping & Transport Pte Ltd.*

- 9 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2017, a copy of the above and foregoing Motion to Vacate Maritime Attachment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

/s/ *L. Cole Callihan*
**L. COLE CALLIHAN**