UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPACE SHIPPING LTD. | CIVIL ACTION |
| VERSUS | NO. 17-10570 |
| ST SHIPPING & TRANSPORT PTE LTD., ST SHIPPING AND TRANSPORT INC., AND GLENCORE INTERNATIONAL AG | SECTION "L" (3) |

## ORDER AND REASONS

Pending before the Court is a motion to vacate maritime attachment filed by South Maritime Pte Ltd. ("South Maritime" or "Movant") and ST Shipping & Transport Pte Ltd. ("ST Shipping PTE") under Supplemental Rule E(8)1. *See* Rec. Doc. 10. The Movant seeks to vacate the attachment of South Maritime's property, the M/T ALPINE ETERNITY (the "Vessel"), and certain property aboard the Vessel. The Court held a post-arrest hearing, pursuant to Rule E(4)(f), on October 19, 2017. Having considered the parties' submissions and applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

Plaintiff Space Shipping Ltd. ("Space Shipping") filed a Verified Complaint in the Eastern District of Louisiana, seeking to attach the M/T ALPINE ETERNITY and other property abroad the Vessel. On October 12, 2017, the Court issued a Writ of Foreign Attachment, which was served upon the master of the Vessel. South Maritime has moved to vacate the attachment, claiming it owns the Vessel and not the Defendants. It is undisputed, nonetheless, that Defendant ST Shipping PTE owns the bunker fuel (the "Bunkers") abroad the Vessel, which is worth $475,000.00, and the parties have agreed on their value and release with satisfactory security being posted. The parties, however, do dispute ownership or control of the Vessel.

## II.  LEGAL STANDARD

Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure allows a maritime attachment of property when a plaintiff satisfies the applicable filing, notice, and service requirements and shows that:  (1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)); *see also* FED. R. CIV. P., Supp. Adm. Rule B.  Following a Rule B attachment, Supplemental Admiralty Rule E(4)(f) ("Rule E") allows a party claiming an interest in the property to contest and move to vacate the attachment.  *See* FED. R. CIV. P., Supp. Adm. Rule E(4)(f); *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 51 (2d Cir. 2008), *cert. denied*, 555 U.S. 1102 (2009).  The interested person after filing the motion is entitled to a prompt hearing at which the plaintiff is required to show why the arrest or attachment should not be vacated.  *See* FED. R. CIV. P. Supp. Adm. Rule E(4)(f).  The attachment must be vacated if the plaintiff fails to sustain his burden of showing that the requirements of Rules B and E are satisfied.  *Aqua Stoli Shipping Ltd.*, 460 F.3d at 445.

For purposes of a Rule E(4)(f) post-arrest hearing, the attaching party must present sufficient evidence to show probable cause for the attachment.  *Diesel Specialists v. M/V Mohawk Transp., LLC.*, 2009 WL 1036085, * 1 (E.D. La. 4/17/09) (Engelhardt, J.); *see also Naftomar Shipping and Trading Co. v. KMA Intern., S.A.*, 2011 WL 888951, *3 (S.D. Tex. 3/3/11) (Rainey, J.) ("plaintiff bears the burden to establish probable cause for the arrest") (quoting *A. Coker & Co., LTD. v. Nat'l Shipping Agency Corp., et al.*, 1999 WL 311941,*1 (E.D. La. 5/17/99) (Vance, J.)

(internal citations omitted)). Thus, a "district court may certainly vacate the [attachment] if it determines, after hearing from both parties, that the requirements of Rule B have not actually been met." *Williamson*, 542 F.3d at 52. Moreover, a Rule E(4)(f) hearing is not intended to definitively resolve the dispute between the parties; instead, the district court makes a preliminary determination of whether reasonable grounds exist for the arrest. *Naftomar*, 2011 WL 888951, at *3.

## III. DISCUSSION

It is undisputed that South Maritime, who is not a defendant, is the registered owner of the M/T ALPINE ETERNITY. Nonetheless, Plaintiff argues that Defendant ST Shipping PTE is the beneficial owner of the Vessel and in actual possession and control of the Vessel. In cases where the beneficial owner is not the same as the registered owner, an attachment can be upheld if there are sufficient allegations that the beneficial owner in fact controls the vessel. *See Naftomar*, 2011 WL 888951.

### A. Allegation of Alter Ego

Plaintiff claims that an alter ego relationship between the Defendants and South Maritime exists and allows an attachment of the Vessel. Under Fifth Circuit jurisprudence, when an alter ego relationship is claimed as it is here, Plaintiff is required to also plead specific facts demonstrating that this relationship was somehow used to perpetrate a fraud or injustice against the Plaintiff Space Shipping. *See Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A09-CA-891 LY, 2010 WL 2232804, at *6 (W.D. Tex. June 1, 2010) ("[b]ecause fraud is an element of the alter ego doctrine, a plaintiff pleading alter ego must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which the Fifth Circuit interprets 'strictly'") (citing *Bridas S.A.P.I. C. v. Government of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006)).

In this case, Plaintiff has failed to plead in its Complaint that the corporate relationship between Defendants and South Maritime was to effect fraud against Space Shipping. The bare allegation in the Complaint that ST Shipping PTE is the "ultimate beneficial owner" of the Vessel is just that – a bare allegation. *See, e.g., Austral Asia Pte. Ltd.*, 2012 WL 2567149, at *2 (vacating writ premised on conclusory allegation that defendant was the "true beneficial owner" of the property); *Dry Handy Investments, Ltd. v. Corvina Shipping Co. S.A.*, 988 F. Supp. 2d 579, 583 (E.D. Va. 2013) (quashing writ of attachment over a vessel because the allegation that the vessel was "legally, equitably and beneficially owned" by alleged alter-ego was insufficient.). Furthermore, the only other factual allegation in the pleading concerning South Maritime or its relationship to Defendant ST Shipping PTE is that the two companies share an office location. Compl. ¶ 81. But this fact alone is insufficient to satisfy the Plaintiff's burden. *See Vitol, S.A.*, 708 F.3d at 546 ("shared office space on its own is insufficient to compel a conclusion that [parent entity's and individuals] dominated and controlled [the shipowner].").

Plaintiff further claims in the Complaint that Defendant ST Shipping is a 50-percent owner of South Maritime. *See* Compl. ¶ 81. However, and very importantly, Movant entered into evidence at the post-arrest hearing affidavit showing the contrary: ST Shipping is, in fact, not a 50-percent owner of South Maritime. Instead, South Maritime is wholly owned by South Compass Maritime Pte. Ltd.—not Defendant ST Shipping—and South Compass Maritime is not a party here. To hold this Vessel under seizure to permit discovery and even amendment in the hope that something might turn up to justify permanent arrest on the basis of such an amorphous record is not justified. Accordingly, Plaintiff has not met its burden to establish probable cause for the arrest, and thus the attachment on the Vessel must be vacated. *See Williamson*, 542 F.3d at 52.

### B. Bunkers

At the beginning of the hearing, the Plaintiffs and Defendants have stipulated that the Defendants own the Bunkers, and a satisfactory bond in the amount of $475,000.00 would be posted for their release.

## IV. CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that the Agreement regarding the Bunkers shall be executed immediately.

**IT IS FURTHER ORDERED** that South Maritime's motion to vacate the writ of foreign attachment (Rec. Doc. 10) regarding the Vessel is hereby **GRANTED**, and the M/T ALPINE ETERNITY is hereby released from arrest and seizure upon Defendants posting a bond in the amount of $475,000.00 for the Bunkers.

New Orleans, Louisiana, this 19th day of October, 2017.

**ELDON E. FALLON**
United States District Judge